# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Michael Hines, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Medical Data Systems, Inc., a foreign corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

NOW COMES THE PLAINTIFF, MICHAEL HINES, BY AND THROUGH COUNSEL, Matthew Landreau, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Doraville, DeKalb County, Georgia.

3. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

4. Plaintiff is a natural person residing in City of Doraville, DeKalb County, Georgia.

5. The Defendant to this lawsuit is Medical Data Systems, Inc., which is a foreign corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to several original creditors in the following amounts ("the Alleged Debts"):

    a. Consumer type debt allegedly owed by Plaintiff to Kennestone Hospital in the amount of $156.00;

    b. Consumer type debt allegedly owed by Plaintiff to Wellstar Pulmonary Medicine in the amount of $112.00;

    c. Consumer type debt allegedly owed by Plaintiff to Wellstar Pulmonary Medicine in the amount of $112.00;

    d. Consumer type debt allegedly owed by Plaintiff to Wellstar Pulmonary Medicine in the amount of $112.00;

    e. Consumer type debt allegedly owed by Plaintiff to Wellstar Pulmonary Medicine in the amount of $162.00;

    f. Consumer type debt allegedly owed by Plaintiff to Wellstar Infectious Disease in the amount of $112.00;

    g. Consumer type debt allegedly owed by Plaintiff to Wellstar Infectious Disease in the amount of $112.00;

    h. Consumer type debt allegedly owed by Plaintiff to Wellstar Pathologists Group in the amount of $67.00;

    i. Consumer type debt allegedly owed by Plaintiff to Wellstar Pathologists Group in the amount of $55.00;

    j. Consumer type debt allegedly owed by Plaintiff to Wellstar Intensivit Practic in the amount of $162.00;

    k. Consumer type debt allegedly owed by Plaintiff to Wellstar Intensivit Practic in the amount of $162.00;

    l. Consumer type debt allegedly owed by Plaintiff to Wellstar Phys Group Hospital in the amount of $190.00; and

    m. Consumer type debt allegedly owed by Plaintiff to WMG Cardiovascular Medicine in the amount of $225.00.

7. Plaintiff disputes the Alleged Debts.

8. On March 25, 2020, Plaintiff obtained his Equifax and Trans Union credit disclosures and noticed Defendant reporting the Alleged Debts.

9. On or about April 23, 2020, Plaintiff sent Defendant a letter disputing the Alleged Debts.

10. On June 26, 2020, Plaintiff obtained her Equifax credit disclosure, which showed Defendant last reported the tradelines reflected by the Alleged Debts to Equifax and Trans Union on May 10, 2020 and failed or refused to flag the tradelines as disputed, in violation of the FDCPA.

11. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

12. Defendant had more than ample time to instruct Experian, Equifax, and Trans Union to flag its trade line as Disputed.

13. Defendant's inaction to have its trade lines on Plaintiff's credit reports flagged as disputed was either negligent or willful.

14. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. His credit report continues to be damaged due to the Defendant's failure to properly report the associated trade lines.

## **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this Alleged Debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(8) by communicating to any person credit information, which is known to be false or should be known to be false, including failure to report a disputed debt as disputed.

20. To date, and a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

21. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

    **WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## **DEMAND FOR JUDGMENT RELIEF**

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED:  July 31, 2020

By: */s/ Matthew Landreau*
Matthew Landreau
Bar Number 301329
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
*Attorneys for Plaintiff,*
*Michael Hines*